FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 JUN 28 AM 10:00

ENTERED

U.S. DISTRICT COURT
N.D. OF ALABAMA

JUN 28 2004

| | |
|---|---|
| COMPLYNOW, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. CV-02-TMP-1284-S |
| ) | |
| CARROLL LASTINGER AND ) | |
| RICHARD LASTINGER, ) | |
| ) | |
| Defendants, ) | |
| Counterclaimants, and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PHILLIP MICHAEL DAVIDSON ) | |
| and WILLIAM R. THIELE, ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM OPINION**

This action is before the court on a motion for summary judgment filed by the defendants, Carroll Lastinger and Richard Lastinger, on November 3, 2003, seeking summary judgment on the claims asserted against them by plaintiff, ComplyNow, Inc. The motion was supported by a brief and evidence, to which the plaintiff filed a brief and offered evidence in opposition. The defendants submitted a brief in reply. The parties have consented by stipulation to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). Having considered all of the

party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all

justifiable inferences are to be drawn in his favor. <u>Anderson</u>, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. <u>Brown v. City of Clewiston</u>, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## I. FACTS

Applying these standards to the evidence before the court, the following facts appear to be undisputed or, if disputed, taken in a light most favorable to the non-moving plaintiff. Carroll Lastinger[1] invented and patented a technology for the projection of images in a three-dimensional manner, which he calls "3D Holo Projection." On April 1, 2001, Lastinger entered into a contract with ComplyNow, Inc., ("ComplyNow"), by which ComplyNow agreed to purchase the technology, along with two other inventions, which Lastinger refers to as Data Crossview ("DVX") and Virtual Private Network ("VPN") technologies. ComplyNow's corporate representative was third-party defendant Mike Davidson, who negotiated with Lastinger to purchase Lastinger's intellectual property assets and to market the technologies to interested investors who would fund the further development and marketing of the technologies.

---

[1] Except where the court specifies Richard Lastinger, references to "Lastinger" denote Carroll Lastinger.

The agreement refers to the 3D Holo Projection as "a completed and tested product and continues to develop applicable application." No other description of 3D Holo Projection is provided in the relevant documents, but the parties agree that the technology involves a method by which two-dimensional images can be viewed in three dimensions. In order to view the three-dimensional image, however, viewers must wear special polarized glasses. The plaintiff argues that the "applicable application" referred to in the description of 3D Holo Projection was a method, yet to be fully developed by Lastinger, by which the 3D image could be viewed without the aid of special glasses.[2] The defendants provide Lastinger's testimony that the so-called "glassless solution" was a separate technology not contained within the asset purchase agreement, and point out that Davidson conceded that the "glassless solution" is not identified in the agreement. Plaintiff's representative, Mike Davidson, testified that the "glassless solution" was contemplated as part of the 3D HoloProjection technology. Lastinger disputes this testimony.

---

[2] Although the plaintiff provides the language from the exhibit to the agreement, the plaintiff does not provide any other documentary evidence relative to the meaning of the language. Plaintiff makes the argument that the "applicable application" language of the agreement references the technology for viewing the 3D image without special glasses.

6

The asset purchase agreement also called for the purchase of DVX and VPN technologies, which the agreement describes only as technologies "in their final stage of development" that would require approximately 90 days to complete and 90 days in which to conduct quality assurance testing. The asset purchase agreement called for the three technologies to be sold to ComplyNow six months after the contract date, after all of the technologies were completely developed and tested. Accordingly, the purchase of the three technologies was to close on or before October 2, 2001.

In connection with the asset purchase agreement, Lastinger and ComplyNow also entered into an Interim Independent Contractor Agreement by which Lastinger would become a consultant to ComplyNow and would complete the development of the DVX and VPN technologies. The consulting agreement makes no mention of the "glassless solution" connected to the 3D HoloProjection technology. In August of 2001, the parties entered into an agreement to modify the asset purchase agreement by extending the closing date to April 1, 2002, or until any date to which the parties agreed in writing.

Mike Davidson, with the assistance of Lastinger, made presentations to potential investors in which the 3D technology was demonstrated on a small screen (on a computer monitor) in a manner that did not require the use of special glasses. Davidson represented to potential investors that the "glassless solution"

7

for use with a large screen could be made available within six months. Lastinger did not protest the use of the "glassless" technology in the presentations, but informed Davidson by letter that the "glassless solution" was "solely [Lastinger's] property" and "will remain as such until someone purchases the rights thereto."

ComplyNow requested that Lastinger provide information and documentation regarding the "glassless solution," to be used as part of the presentations to investors. The documentation was intended, according to Davidson, to show investors that the "glassless solution" could be achieved and was "more than just talk." Lastinger on at least two occasions diagramed his formula or method for the "glassless solution" on a chalkboard and explained to Davidson his theory for developing the glassless technology. Davidson asserts that the diagram was not sufficient documentation to substantiate Lastinger's plans for the glassless technology. Davidson asked Lastinger to place into escrow his confidential, proprietary information further describing the proposed glassless solution to substantiate claims that the glassless solution could be made available. Lastinger declined, and asserts that Davidson's request was an attempt to obtain Lastinger's intellectual property without purchasing it. Davidson

8

asserts that the lack of documentation made it impossible for him to attract investors.

During the time that the marketing efforts were underway, Lastinger on several occasions requested that Davidson provide him with copies of all "term sheets" and client lists developed by Davidson. Davidson declined, asserting that marketing was solely the function of ComplyNow. Disagreements over the progress of marketing caused the relationship between Davidson and Lastinger to deteriorate. After Davidson and Lastinger began to disagree about the marketing methods, Lastinger requested that all future business dealings be handled through Lastinger's brother, Richard Lastinger. Through Richard Lastinger, Lastinger declined to extend the Asset Purchase Agreement a second time and declined to provide further documentation of the "glassless solution."

ComplyNow did not pay any of the purchase price to Lastinger before or on April 1, 2002. Through his attorney, Carroll Lastinger on April 5, 2002, notified ComplyNow that he was terminating the asset purchase agreement.

Plaintiff filed the instant action, asserting that: (1) Carroll Lastinger breached his contract with ComplyNow by failing to develop the glassless solution or to turn over related documentation; (2) Carroll Lastinger breached a verbal agreement to extend the Asset Purchase Agreement beyond April 1, 2002;

9

(3) Richard Lastinger tortiously interfered with the contraction relations between ComplyNow and Carroll Lastinger; and (4) Carroll Lastinger fraudulently misrepresented that he would complete the "glassless solution" technology within six months from the time the contract was entered.

### III.  DISCUSSION

#### A.  Breach of Contract

Under Alabama law, a plaintiff asserting a breach-of-contract claim must prove: (1) the existence of a valid contract binding the parties; (2) plaintiff's performance under the contract; (3) the defendant's non-performance; and (4) damages resulting from the non-performance. See Ex parte Steadman, 812 So. 2d 290, 293 (Ala. 2001). Both parties agree that they entered into the Asset Purchase Agreement by which the plaintiff would purchase intellectual property developed by defendant Carroll Lastinger. What the parties do not agree on is precisely what intellectual property was covered by the agreement. Plaintiff contends that the so-called "glassless solution" (i.e., technology to enable the viewing of 3D images without the need for special polarizing eyewear) was contemplated to be part of the 3D HoloProjection

technology covered by the agreement, while Lastinger denies that the "glassless solution" was part of the agreement.

The defendants seek summary adjudication in their favor on plaintiff's claim that the defendants breached the Asset Purchase Agreement. If the plaintiff has come forward with evidence sufficient to demonstrate that the Asset Purchase Agreement contains an agreement that Lastinger would develop, test, and sell a "glassless solution" to ComplyNow within the given time-frame, the court must conclude that the plaintiff has made a *prima facie* showing that Lastinger breached the contract, which would preclude entry of summary judgment against plaintiff. If the defendants have demonstrated that the plaintiff cannot prove that the agreement encompasses the "glassless solution," then the breach-of-contract claim must fail, and summary judgment on this claim is due to be granted in favor of the defendants.

None of the documents provided by the parties definitively identifies whether the "glassless solution" technology was or was not encompassed by the Asset Purchase Agreement. Lastinger testified that the technology for the "glassless solution" was separate from the assets being purchased by ComplyNow. The plaintiff argues that the language "applicable application" references the "glassless solution," and that "common sense"

11

compels the conclusion that the parties would not have entered into any agreement that did not include a "glassless solution."

Viewing the facts in the light most favorable to the plaintiff, the court cannot accept as true movant Lastinger's statement. At the same time, however, the court cannot accept as fact the plaintiff's assertion that it exercised "common sense" or that "applicable applications" describes a specific technology.[3] The question of whether the contract encompasses the "glassless solution" technology is a question of fact that must be left for a jury to decide. Similarly, whether the information provided by Lastinger describing his plan to develop the "glassless solution" technology was sufficient to comply with any contractual duty owed by Lastinger similarly is a question of fact. Davidson admits that Lastinger diagramed or explained the concept on at least two occasions, but claims the explanation was insufficient. The contract does not specify what type of information or what degree of specificity was required.[4] Accordingly, the court finds that

---

[3] The plaintiff does not cite to any testimony by Davidson, or any other witness, which states that any party understood the "applicable applications" to mean a "glassless solution."

[4] The defendants further assert that the plaintiff has failed to demonstrate that it was damaged by any failure of Lastinger to provide the documentation. The court agrees that plaintiff has made no showing, except to allege that the information was necessary to attract investors, that any investor would have funded the project if Lastinger had provided the requested information. For this additional reason, the motion for

the defendants have failed to present sufficient evidence to demonstrate that there is no genuine issue of material fact as to whether Lastinger breached the contract with ComplyNow by failing to develop the glassless solution or to provide documentation of such. Because there are disputed facts as to (1) whether the parties intended the "glassless solution" to be part of the intellectual property covered by the Asset Purchase Agreement and (2) whether the actual documentation produced by Lastinger reasonably complied with his duty to supply information and documentation relevant to the Agreement, the motion for summary judgment on these contract claims is due to be denied.[5]

Insofar as plaintiff seeks to assert a breach of contract claim against Richard Lastinger, it is due to be dismissed because

---

summary judgment on the contract claims is due to be denied.

[5] Plaintiff further asserts that Lastinger breached some oral agreement to "verbally extend" the asset purchase agreement, and the defendants move for summary judgment on this claim, asserting that the contract precludes any "oral extension." The court agrees that the contract requires such extensions to be done in writing, and, therefore, any agreement to verbally extend the contract was not a valid, binding contract that can be made the basis of a breach-of-contract action. Moreover, even if the Agreement could be extended orally, the actual discussion between the parties on this point clearly never amounted to an agreement to do so. At most, the parties merely engaged in discussions whether to extend the term of the Agreement. The defendants further allege that the plaintiff has conceded this claim by failing to address it in its brief in opposition to the motion for summary judgment. Accordingly, the motion for summary judgment on this final breach-of-contract claim is due to be granted.

13

it is undisputed that Richard Lastinger was not a party to the Asset Purchase Agreement. That contract existed only between ComplyNow and Carroll Lastinger. Thus, Richard Lastinger's motion for summary judgment on this claims will be granted.

### B. Tortious Interference

To support a claim for tortious interference under Alabama law, the alleged tort-feasor must be "independent of, or a third party to, the contract." Oxford Furniture Companies, Inc. v. Drexel Heritage Furnishings, Inc., 984 F.2d 1118, 1126 (11th Cir. 1993). As a matter of law, a party to a contract cannot be held liable for tortious interference. Bama Budweiser v. Anheuser-Busch, Inc., 611 So. 2d 238, 247 (Ala. 1992).

In this case, the plaintiff alleges that Richard Lastinger interfered with the contractual relations between ComplyNow and Carroll Lastinger. The plaintiff correctly points out that Richard Lastinger was not a party to the contract, but the evidence is uncontroverted that Richard Lastinger was acting as Carroll Lastinger's agent in dealing with ComplyNow. Carroll Lastinger has clearly testified that he asked Richard Lastinger to intervene in the process on his behalf. There is no evidence or allegation that Richard Lastinger did not act as a representative of Carroll Lastinger at all times relevant to this action. An agent or

14

representative of a party to the contract is not a "stranger" to it for purposes of this action. Creel v. Davis, 544 So. 2d 145, 146 (Ala. 1989)("This Court has held that 'a party to a contract cannot, as a matter of law, be liable for tortious interference with the contract,' Lolley v. Howell, 504 So. 2d 253, 255 (Ala. 1987), and that 'a principal's agent or employee, who acts for or on behalf of the principal, is a "party" to that principal's contractual and business relations and not a [stranger] thereto,' Harrell v. Reynolds Metals Co., 495 So. 2d 1381, 1388 (Ala. 1986)"). Accordingly, Richard Lastinger must be treated as a party to the contract, and cannot be liable for tortious interference. For this reason, the defendants' motion for summary judgment on the claim of tortious interference is due to be granted.

### C. Fraud

Under Alabama law, to support a claim of fraudulent misrepresentation, the plaintiff must demonstrate that the defendant made "(1) a false representation, (2) of an existing material fact, (3) that was reasonably relied upon, and (4) damage resulting as a proximate cause." Wheelan v. Sessions, 50 F. Supp. 2d 1168, 1172 (M.D. Ala. 1999). Generally, a claim of fraud cannot be based upon the defendant's expression of an opinion or a prediction of future events. See, e.g., Wade v. Chase Manhattan

15

Mortgage Corp., 994 F. Supp. 1369, 1378-79 (N.D. Ala. 1997) aff'd, 132 F.3d 1461 (11th Cir. 1997).  Such opinions or predictions simply are not statements of existing fact upon which individuals have the right to rely.  Crowne Investments, Inc. v. Bryant, 638 So. 2d 873, 877 (Ala. 1994).  Similarly, claims that a party has misrepresented its "promise to act or not to act in the future" is deemed to be a promissory fraud.  A claim of promissory fraud must be supported by proof of two additional elements: (1) that the defendant had no intention at the time of the promise of performing the act promised, and (2) that the defendant had an intention to deceive. See Ex parte Michelin North America, Inc., 795 So. 2d 674, 678-79 (Ala. 2001).  The failure to perform a promised act is not in itself evidence that the actor intended to deceive at the time of the promise.  See Campbell v. Naman's Catering Inc., 842 So. 2d 654 (Ala. 2002).  Otherwise, "any breach of contract would constitute a fraud."  Goodyear Tire & Rubber Co. v. Washington, 719 So. 2d 774, 776 (Ala. 1998).

  The defendants seek summary judgment on plaintiff's fraud claim.  Plaintiff concedes that its fraud claim is "predicated on a promise" that Lastinger would provide the "glassless solution" within six months.  ComplyNow's complaint is that Lastinger promised to create the "glassless solution," and that he failed to do so.  A question of fact exists as to whether Lastinger ever made

such a promise.  However, there is no evidence that - even if the promise was made - Lastinger had the intention to deceive at the time he made the promise.  Accordingly, the claim of fraud fails to give rise to a genuine issue of material fact under Alabama law and the defendants' motion for summary judgment on the claim for fraud is due to be granted.

## IV.   CONCLUSION

Defendants' motion for summary judgment is due to be denied in part and granted in part.  The motion will be granted as to plaintiff's claims of fraud, tortious interference with a business relationship, and breach of an oral agreement to extend the Asset Purchase Agreement.  The motion will be denied on plaintiff's claim of breach of the Asset Purchase Agreement due to disputes of material fact relating to (1) whether the parties intended the "glassless solution" to be part of the Agreement and (2) whether Lastinger's documentation of the "glassless solution" was in reasonable compliance with his duties under the Agreement.

A separate order will be entered in accordance herewith.

17

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DATED the 25th day of June, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE